UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| SUCAFINA NA INC., | |
| Petitioner, | Civ.____ (____) |
| - against - | **PETITION TO COMPEL ARBITRATION PURSUANT TO 9 U.S.C. §§ 201 et seq. AND 9 U.S.C. §§ 1 et seq.** |
| GREEN COFFEE COMPANY HOLDINGS LLC | |
| Respondent. | |

Petitioner Sucafina NA Inc. (hereinafter "Petitioner" or "Sucafina"), by its attorneys Holland & Knight LLP, and as for its Petition against Respondent Green Coffee Company Holdings LLC ("GCC"), a non-signatory to certain purchase orders Sucafina has with GCC's subsidiary, Agrosura S.A.S. ZOMAC ("Agrosura"), alleges upon information and belief as follows:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the Constitution, laws or treaties of the United States, as it concerns an arbitration falling under the Convention on the Enforcement and Recognition of Foreign Arbitral Awards under 9 U.S.C. §§ 201 *et seq.* (the "New York Convention"),[1] and the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* (the "FAA").  See 9 U.S.C. § 203.

---

[1] In the United States, the New York Convention has been implemented through the FAA and can be found at 9 U.S.C. ¶ 201 *et seq*.  For a list of countries that are signatories (which include the U.S. and Colombia), see New York Arbitration Convention, http://www.newyorkconvention.org/countries.  The New York Convention makes applicable all provisions of the FAA to the extent they are not in conflict.  *See* 9 U.S.C. 208.

2. This Court has personal jurisdiction over Respondent, in that the parties agreed to arbitrate in New York City, New York.

3. Venue is proper in this judicial district because, pursuant to 9 U.S.C. § 204 and § 4, a party should bring a petition to compel arbitration in the District where the parties agreed to arbitrate any disputes between them. The parties agreed to bring any arbitration of a dispute in New York City, New York.

## THE PARTIES

4. Petitioner Sucafina is a corporation that is incorporated in Delaware, with an office in New York City (as well as in Seattle, WA and Fort Lauderdale, FL). Petitioner is an importer of green coffee in the North American market.

5. Upon information and belief, Green Coffee Company Holdings LLC ("GCC") is a Delaware limited liability corporation who transacts business in New York and elsewhere in the United States, as well as outside of the United States.

## THE NATURE OF THE PARTIES' DISPUTE

6. Sucafina and Agrosura entered into a series of forward contracts in October 2023 for the sale and purchase of green (unroasted) coffee from the 2023/2024 crop year, with deliveries scheduled, *inter alia*, for November and December 2024. The contracts relevant to this dispute are identified as NPCO-32163, NPCO-32164, NPCO-32165, and NPCO-32166 (together, the "Coffee Contracts"). The Coffee Contracts are attached as Ex. 1 to the Affirmation of Jean Robert Menos dated July 10, 2025, submitted herewith in support of Petitioner's Petition to Compel Arbitration. It is GCC's wrongful termination of those contracts, and its and Agrosura's failure to perform under those contracts, that is the subject of the arbitration that Sucafina has commenced.

7. The Coffee Contracts specify the quantity and quality of coffee to be delivered in Colombia, the applicable crop year, pricing, shipping terms, and shipment dates. Each contract provides for the sale of coffee on an FOB basis, with the delivery obligations clearly set forth therein.

8. The Coffee Contracts each contain a binding arbitration provision requiring that all disputes relating to, in connection with, or arising out of the contracts be resolved by arbitration in New York City, pursuant to the Rules of the Green Coffee Association. The Coffee Contracts also expressly incorporate the Terms and Conditions of the Contract of the Green Coffee Association of New York City in force at the time of execution.

9. Although Agrosura is the named seller and Sucafina the named buyer, GCC, as Agrosura's parent company, was intimately involved in the negotiation, execution, and performance of these contracts. And it was GCC who took the extraordinary measure of wrongfully terminating the contracts on its behalf and on behalf of Agrosura. Even though it is a non-signatory, the circumstances here mandate that GCC be compelled to arbitrate

GCC's Involvement in and Performance of the Green Coffee Contracts

10. Even though GCC is not a signatory to the Coffee Contracts, its involvement in the Coffee Contracts extended well beyond its status as simply being the parent company of Agrosura. GCC was directly and actively engaged in all material aspects of the negotiation, execution, and performance of the contracts at issue.

11. GCC's personnel, including its Sales Director, participated in contract negotiations and made offers to sell coffee to Sucafina, with such offers expressly subject to GCC's approval and confirmation. The parties also engaged in discussions regarding the expansion of their business

relationship, during which Sucafina requested, and GCC provided, recent financial statements and other information necessary for evaluating increased commercial limits.

12. Beyond negotiations, GCC was integrally involved in the operational and logistical execution of the contracts. GCC's representatives coordinated with Sucafina on shipping schedules, addressed logistics for specific shipments, and participated in meetings with both Sucafina and Agrosura personnel to manage the day-to-day performance of the contracts. During the course of the parties' relationship, GCC also provided comprehensive updates on the status of current and future shipments, and was actively engaged in resolving logistical and performance issues as they arose.

Claims and Efforts to Address Them

13. Beginning in late 2023 and continuing into 2024, Agrosura experienced significant delays in making shipments of coffee to Sucafina. These delays were attributed to a range of factors, including agricultural yields, adverse weather conditions, market volatility, and financial constraints affecting Agrosura's operations.

14. In response, Sucafina engaged in good-faith efforts to collaborate with both Agrosura and GCC to resolve the issues and facilitate performance under the contracts. These efforts included extending certain delivery deadlines and amending contract terms to accommodate the challenges faced by Agrosura. Notably, Sucafina agreed to convert some contracts from FOB (Free on Board) terms to DAP (Delivered at Place) terms, allowing its Colombian affiliate, Sucafina Colombia SAS, to accept delivery locally in Colombia. These accommodations were made despite Sucafina having no legal obligation to alter the original contract terms, reflecting its commitment to maintaining the business relationship and ensuring performance.

15. Additionally, Sucafina entered into negotiations with representatives of both Agrosura and GCC regarding potential penalties or discounts to address the impact of delayed deliveries. These discussions involved direct communications with GCC's President and Sales Director, further evidencing GCC's active participation in the resolution of performance issues under the Coffee Contracts.

GCC's Wrongful Termination of the Business Relationship

16. On October 25, 2024, Sucafina received an email from Boris Wullner, President of GCC, attaching a letter sent by "Green Coffee Company" on its own behalf (and signed by Mr. Wullner, as GCC's President) and on behalf of its subsidiary Agrosura, which purported to unilaterally terminate all business relationships with Sucafina globally. GCC asserted that this termination was based on an alleged late payment by Sucafina's Colombian affiliate under separate contracts not at issue in this proceeding.  Petitioner was not a party to these separate contracts, which are not subject to arbitration in New York or governed by New York law.

17. Sucafina, through its Colombian affiliate, promptly responded on October 30, 2024, denying any breach of agreement with GCC or Agrosura and further stating that these unrelated contracts have no bearing on the four Coffee Contracts that Agrosura and GCC refused to perform.

18. Despite Sucafina's efforts to resolve the matter and clarify the lack of any breach under the Coffee Contracts, GCC and Agrosura failed to perform their obligations under the Coffee Contracts, leading to the present dispute and the initiation of arbitration proceedings.

Arbitration Proceedings

19. On or about January 14, 2025, Sucafina commenced arbitration proceedings before the Green Coffee Association in New York City, naming both Agrosura and GCC as respondents, pursuant to the binding arbitration provisions contained in the Coffee Contracts. The claims in arbitration arise from Agrosura's and GCC's refusal to perform their obligations under the four contracts for the sale and delivery of green coffee scheduled for November and December 2024. Menos Aff., Ex. 1.

20. Agrosura has appeared and submitted a response to Sucafina's demand for arbitration as of April 21, 2025. GCC, however, has failed to respond in the arbitration proceedings, despite its direct involvement in the negotiation, execution, and performance of the contracts at issue, and its direct and unilateral wrongful termination of the Coffee Contracts.

21. The Green Coffee Association has reached out to the parties to schedule a hearing.

22. As a result of GCC's failure to participate in the arbitration, Sucafina now seeks an order from this Court compelling GCC to arbitrate the claims arising from its breaches of the Coffee Contracts, as required by the arbitration provisions therein.

23. The Coffee Contracts at issue each contain a clear and binding arbitration provision, requiring that all disputes arising under the contracts be resolved by arbitration in New York City, pursuant to the Rules of the Green Coffee Association (the "GCA Rules"). The contracts further incorporate by reference the Terms and Conditions of the Contract of the Green Coffee Association of New York City in force at the time of execution, thereby expressly subjecting the parties to the GCA's arbitration procedures and jurisdiction.

24. The contractual obligation to arbitrate is both explicit and enforceable, and Sucafina is entitled to an order compelling GCC to arbitrate the disputes arising under the Coffee Contracts in accordance with the terms set forth therein.

## RELIEF REQUESTED

25. Sucafina and Agrosura are parties to the Coffee Contracts, which provide for all disputes relating to, in connection with, or arising out of these contracts be resolved by binding arbitration in New York City, pursuant to the Rules of the Green Coffee Association ("GCA").

26. Sucafina demanded arbitration against both Agrosura and GCC on or about January 14, 2025, pursuant to the Rules of the GCA.

27. Agrosura responded to Sucafina's demand, and asserted a counterclaim, on or about April 21, 2025.

28. GCC has failed to respond to the demand for arbitration.

29. Petitioner has duly performed all of its obligations under the Coffee Contracts.

30. Petitioner respectfully requests that the Court enter an order compelling GCC to arbitrate all of its claims in this matter, and that it be awarded the costs and attorneys' fees incurred in making this Petition.

31. No previous application has been made to this Court or any other Court or Judge, for the relief sought herein.

WHEREFORE, Petitioner prays in accordance with the provisions of the Federal Arbitration Act, that this Honorable Court enter an Order:

    (l) directing that Green Coffee Company Holdings, LLC proceed with arbitration before the arbitral tribunal that is currently hearing the case initiated by

Sucafina against Agrosura, in accordance with the Coffee Contracts and the GCA Rules;

(2) awarding Sucafina the costs and attorneys' fees for this Petition and such other and further or different relief as the court may deem just and proper in the circumstances.

Dated: New York, New York
July 11, 2025

Respectfully submitted,

By: */s/ Marisa Marinelli*
Marisa Marinelli
Carolina Lopez
HOLLAND & KNIGHT LLP
*Counsel for Petitioner*
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 513-3200
Facsimile: (212) 385-9010
Email: marisa.marinelli@hklaw.com
carolina.lopez@hklaw.com

#524540152_v1